[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11873

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

URIEL FAJARDO-ALBARRAN,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:22-cr-00074-JA-PRL-1

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Uriel Fajardo-Albarran appeals his 276-month sentence for one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and three counts of distribution and possession with intent to distribute 50 grams or more of methamphetamine. On appeal, he argues that the district court erred by applying an aggravating-role enhancement under U.S.S.G. § 3B1.1(a) because, he says, there were not five or more identified participants in the conspiracy. After careful review of the parties' arguments, we affirm.

We review a district court's finding regarding a defendant's role in the offense under § 3B1.1 for clear error. *United States v. Moran*, 778 F.3d 942, 979 (11th Cir. 2015). A factual finding is clearly erroneous when, in light of the entire record, we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009) (quotation marks omitted). "The district court's choice between two permissible views of the evidence as to the defendant's role in the offense will rarely constitute clear error so long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law." *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (quotation marks omitted). While we review the facts for clear error, the district court's determination that an individual is a

"participant" under § 3B1.1 is a question of law that we review de novo.  *United States v. Williams*, 527 F.3d 1235, 1249 (11th Cir. 2008).

Under the sentencing guidelines, a four-level enhancement applies if the defendant "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."   U.S.S.G.  § 3B1.1(a).   Regarding the "otherwise extensive" prong, the court must consider "all persons involved during the course of the entire offense."   *Id*. § 3B1.1 cmt. 3. Under this prong, the defendant must have been an organizer of just one or more other participant.   *Id*. § 3B1.1 cmt. 2; *United States v. Walker*, 490 F.3d 1282, 1301 (11th Cir. 2007).

"A 'participant' under § 3B1.1 is a 'person who is criminally responsible for the commission of the offense but need not have been convicted.'"   *United States v. Zitron*, 810 F.3d 1253, 1261 (11th Cir. 2016) (quoting U.S.S.G. § 3B1.1 cmt. 1).   In assessing whether an individual is "criminally responsible," we may consider any of the acts directed by the defendant that were "part of the same course of conduct or common scheme or plan as the offense of conviction."   *Id*. at 1261–62 (quotation marks omitted).   Thus, it is enough if an individual knowingly participates in the criminal conduct.   *Id*. at 1262.   The defendant may be considered one of the participants in counting the number of participants involved in the offense.   *See United States v. Duperval*, 777 F.3d 1324, 1337 (11th Cir. 2015).   A person who "is not criminally responsible for the commission of the offense," such as an undercover law

enforcement officer, is not a participant within the meaning of the Guidelines.    U.S.S.G. § 3B1.1 cmt. 1.    For a court to impose the enhancement, the government must establish by a preponderance of the evidence that the defendant exerted some control, influence, or decision-making authority over another participant in the criminal activity.    *United States v. Martinez*, 584 F.3d 1022, 1026–27 (11th Cir. 2009); U.S.S.G. § 3B1.1 cmt. 2.

The commentary to § 3B1.1 provides several factors for a sentencing court to consider in distinguishing a leadership role from a management role: "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others."    U.S.S.G. § 3B1.1 cmt. 4.    There is no requirement that all the factors be present for the enhancement to apply, and there may be more than one person who qualifies as a leader.    *Id.*; *Martinez*, 584 F.3d at 1026.

In making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make specific subsidiary factual findings.    *United States v. De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).    "So long as the district court's decision is supported by the record and the court clearly resolves any disputed factual issues, a simple statement of the district court's factual conclusion is sufficient."    *Id.* (emphasis

omitted).    In determining the defendant's role, first, "the district court must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing."  *Id*. at 945.    Second, the district court must measure the defendant's role against the other discernable participants in the relevant conduct.  *Id*. at 944–45.    And we have noted that the non-exhaustive list of factors outlined in the amended commentary acts to clarify what a court should consider when making role determinations while still embracing the approach from *De Varon*. *United States v. Cabezas-Montano*, 949 F.3d 567, 606 (11th Cir. 2020) (quotation marks omitted).

Here, Fajardo-Albarran cannot show that the district court erred in imposing a four-level role enhancement pursuant to U.S.S.G. § 3B1.1(a), because the government showed by a preponderance of the evidence that he was an organizer or leader of drug-trafficking activity that involved five or more participants or was otherwise extensive.   The district court properly applied Fajardo-Albarran's conduct to the seven factors that we consider when determining if a defendant is an organizer or leader and found that nearly all the criteria weighed in favor of the role enhancement.   *See* U.S.S.G. § 3B1.1, cmt. 4; *see also Martinez*, 584 F.3d at 1026–28.   At his trial, the government provided evidence that Fajardo-Albarran exercised decision-making authority over at least one of his co-conspirators, his brother Zuriel; was involved with distribution of the drugs; obtained the drugs personally and through Zuriel; fronted drugs to those he supplied; traveled to Atlanta and Mexico as part of the conspiracy; sent Zuriel to Texas

to obtain drugs; and recruited at least two participants.    This evidence demonstrates Fajardo-Albarran's planning and organization, decisionmaking authority and control of others, and high degree of participation and leadership nature in the drug-trafficking activity.    Even if the evidence did not support a finding that Fajardo-Albarran claimed a right to the larger share of the profits of the drug sales, the enhancement does not require that each factor be present.

The district court also properly determined that the conspiracy involved five or more participants, as trial testimony and evidence presented established at least seven named and several unnamed individuals were participants in the conspiracy, which exceeds the required five participants.    For example, the record reveals that Fajardo-Albarran had an ongoing relationship with witness Heather Hutchinson wherein he would front several ounces of methamphetamine to her each week, and Fajardo-Albarran concedes that she was a participant.    Trial testimony and exhibits support that a government confidential source, Robert Waldron, participated in controlled buys with Fajardo-Albarran, and that on several occasions Waldron was fronted drugs by Fajardo-Albarran outside the scope of his government cooperation.    While Fajardo-Albarran argues that Waldron could not be a participant because he acted as a government agent, Waldron exceeded the scope of his work as a confidential source by participating in at least five transactions with Fajardo-Albarran without law enforcement's knowledge.    Additionally, text and Facebook messages entered into evidence showed that Fajardo-

Albarran provided drugs on credit to two other individuals and that Fajardo-Albarran recruited another two individuals to sell drugs for him.    Testimony and trial exhibits revealed that another participant, Kike Fajardo, and Fajardo-Albarran discussed sources of supply in Atlanta, coordinated the sales of methamphetamine, and brokered deals.    Moreover, Fajardo-Albarran concedes that his brother Zuriel was a participant.

In conclusion, the district court not err by applying a four-level aggravating role enhancement because the evidence showed that Fajardo-Albarran was an organizer or leader of drug-trafficking activity that involved five or more participants or was otherwise extensive.    Further, the court was not required to make a specific factual finding with respect to the identity of each participant in the scheme.    *De Varon*, 175 F.3d at 939. Accordingly, we affirm.

**AFFIRMED.**